CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 28 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ARMAND A. CLARK, | |
| Plaintiff, | Civil Action No. 7:11cv00069 |
| v. | **MEMORANDUM OPINION** |
| POCAHONTAS CORRECTIONAL CENTER, et al., | By: Samuel G. Wilson<br>United States District Judge |
| Defendants. | |

This is a pro se action pursuant to 42 U.S.C. § 1983 by Armand A. Clark, plaintiff, an inmate at the Pocahontas State Correctional Center, who is proceeding *in forma pauperis*, against the Correctional Center and two of its nurses, S. Yates and A. Mitchell, for mistakenly giving him the wrong medication at "pill call" on October 9, 2010. The Court finds that Clark's complaint fails to state a plausible claim for relief, and dismisses it without prejudice pursuant to 28 U.S.C. § 1915A.

I.

According to Clark's complaint, on October 9, 2010, the nurse on duty gave him the wrong medication. He alleges that he was supposed to receive Claritin, but was given high blood pressure medication instead. He alleges that the blood pressure medicine made him sick, and as a consequence the "medical department" placed him on observation for 24 hours. He complains that the nurse gave him the medication without asking him whether it was his. He states that he wants the medical department "to be held accountable for their mistakes and to improve the safeguards to keep offenders from getting the wrong prescribed medication before an offender accidentally gets killed."

## II.

Section 1915A requires the court to conduct an initial screening of a prisoner's complaint "which . . . seeks redress from a governmental entity or officer or employee of a governmental entity" and dismiss it if it is (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted;" or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b). A prison official's deliberate indifference to the serious medical needs of a prisoner may constitute an Eighth Amendment violation. See, e.g., Estelle v. Gamble, 429 U.S. 97 (1976). The deliberate indifference standard requires more than mere negligence, and "more than ordinary lack of due care for the prisoner's interests or safety." Whitley v. Albers, 475 U.S. 312, 319 (1986).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Here, Clark's allegations fall far short of alleging an Eighth Amendment violation. Even he recognizes the nurse switched his medications by mistake. She did not actually "draw the inference" that she had switched the medications. Clark alleges nothing more than ordinary lack of due care, and therefore the court will dismiss his complaint.

## III.

For the reasons stated above, the court will dismiss Clark's complaint pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim upon which relief may be granted.[1]

---

[1] The court also notes that Pocahontas State Correctional Center is a state entity with sovereign immunity, see, e.g., Yost v. Young, 1989 WL 152515, at *1 (4th Cir. Dec. 7, 1989); Rhea v. Va. Dep't of Corr., 2002 WL 31398734, at *1 (W.D. Va. Oct. 23, 2002), and also that there is no respondeat superior liability under § 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978).

2

Entered this 28th day of February, 2011.

_____

UNITED STATES DISTRICT JUDGE